Mr. Justice NELSON
 

 delivered the opiuion of the court.
 

 This is a writ of error to the Circuit Court of the United States for the eastern district of Louisiana.
 

 The suit was brought in the court below to recover back from the collector of the port of New Orleans an excess of duties paid by the plaintiffs. The goods upon which the duties were imposéd were certain invoices of molasses and'sugars, imported from Matanzas, in the island of Cuba, in the year
 
 *254
 
 1852. They were imported by the manufacturer, and, on an appraisal of the value at the customs in New Orleans, the appraised value exceeded the invoice value upwards of ten per centum; whereupon, the collector imposed an additional duty of twenty per centum upon the appraised value, under the 8th section of the act of 1846, which was paid under protest.
 

 The court below held that this additional duty was improperly imposed, under the act of 30th July, 1846, as the 8th section of that act applied only to merchandise
 
 purchased
 
 in the foreign market, and did not embrace goods imported by the manufacturer. The court further held, that the several shipments were subject to the increased duty imposed under the 17th section of the act of August 30, 1842 ; and allowed the plaintiff to recover the excess over and beyond the amount chargeable under this last section.
 

 The principal question in the case is, whether or not the 17th section of the actuf 1842 applies in the appraisal of merchandise imported by the manufacturer.
 

 The act of Congress of March 1, 1823, recognised a distinction between goods imported which were purchased by the owner in the foreign market, and goods imported by the manufacturer himself, and prescribed separate and distinct oaths to be taken before the collector, (sec. 4.) That act also prescribed, as a rule for the appraisal of the goods, that to the actual cost if the same shall have been actually purchased, or the actual value if the same shall have been procured otherwise than by purchase,
 
 at the time and place when and where purchased, or otherwise procured,
 
 &c., shall be added all charges, &c., (sec. 5.)
 

 The act of Congress of July 14, 1832, preserved the same distinction as in the act of 1823, in respect to goods imported which had been purchased, and goods procured otherwise than by purchase, (sec. 15, secs. 7 and 8.)
 

 The 16th section of the act of 1842, like the 7th section of the act of 1832, prescribed the rule for the appraisal of goods imported which had been purchased in the foreign market, but omitted any provision in respect to goods imported which had been procured otherwise than by purchase, leaving this class
 
 *255
 
 of importations to the rule as prescribed in the acts of 1823, section 5, and 1832, section 15, which was not repealed, as no provision in that act was inconsistent with this rule. The repealing clause of that act is as follows : “ And that all provisions of any former law inconsistent with this act shall be, and the same are hereby, repealed.” The regulations, therefore, of the acts of 1823 and 1832, in respect to the time and place when and where goods, procured otherwise than by purchase, were left untouched by the 16th section of the act of 1842.
 

 Then, as it regards the 17th section. That is general, and applies to every class of importations — goods purchased, or ■procured otherwise than by purchase. It regulates the mode and manner of the appraisement. The appraisers may call before them, and examine upon oath, the owner, importer, consignee, or any other person, touching any matter deemed material in ascertaining the true market value or wholesale price of any merchandise imported; may call for letters, accounts, or invoices, relating to the valuation. It imposes a forfeiture of one hundred dollars for any neglect or refusal to attend before the appraisers and give evidence; makes false swearing before them pequry; and if the person be the owner, importer, or consignee, forfeits also the merchandise ,* requires that the evidence thus taken shall be filed in the collector’s office, for future use; provides for an appeal, on the part of the owner, importer, or consignee, to merchant appraisers, in case of dissatisfaction at the appraisal by the permanent appraisers ; makes the appraisal by the permanent or merchant appraisers, as the case may be, final and conclusive; and then closes with a proviso, that, in all cases where the actual value thus appraised and ascertained shall exceed, by ten per centum, the invoice value, then, in addition to the duty imposed by law, there shall be levied and collected on the goods fifty per centum of the duty upon the appraised value. (See, also, act of Congress, March 3, 1851.)
 

 As we have said, this section applies to all classes of importations, and regulates the mode and manner by which the appraisals shall be conducted by the appraisers,, giving to the owner, importer, &c., the right of reappraisal by merchant ap
 
 *256
 
 praisers, in case of dissatisfaction. It embraces not only importations of goods purchased, referred to in the 16th section of the act, but importations procured otherwise' than by purchase, as provided for in the acts of 1823 and 1832 ■; and while this act of 1842 remained in full force, it subjected all importations to the penalty of fifty per centum in case of undervaluation.
 

 . Then came the act of 30th July, 1846, "the 8th section of which changed this penalty or increased duty, in case of undervaluation, to twenty per centum on the appraised value, as it respected goods imported which had been purchased, leaving the regulations in respect to goods imported by the manufacturers as'they existed under the former laws. ,
 

 This, act, like the act of 1842, repealed only such enactments of former laws as were repugnant to its provisions, (sec. 11.) The 8th section, not including the manufacturer, left the importation subject to the 17th section of the act of 1842.
 

 The act of 3d March, 1857, obliterates this distinction between goods purchased or procured otherwise than by purchase, and imposes upon the latter, the twenty per centum upon the appraised value, for undervaluation, the same as in case of goods purchased. (Sess. Laws 1857, p. 199, Lit. & Bro. ed.)
 

 It has been argued that, admitting the goods were properly subject to the fifty per centum increased duty, under the. 17th ■ section of the act of 1842, inasmuch as this was not imposed by the collector, but the higher increased duty, under the 8th section of the act of 1846, the court below erred in charging the shipments in question with the former duty.
 

 But the answer to this objection, is, that the law imposes the increased duty in case of undervaluation, and not the collector. It is true he is the agent of the Government to collect it, as he is in collecting the ordinary rate of duties, but in no other sense or character. The law- declares, in the case contemplated by the act, and which existed upon, the proofs before the court, that, in addition to the ordinary duty, there shall be levied-and collected,.&c., fifty per eeiitum, &c. No demand of the collector, .was necessary to create the liability. That
 
 *257
 
 arose, as matter of law, upon the facts disclosed in the rec-' ord, and it was the duty of the court to enforce it; and hence the excess over this increased duty, arising under the 17th section, constituted the just amount, which the plaintiffs were entitled to recover. ,
 

 Judgment of the court below affirmed.